IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2744-GPG

CLINTON T. ELDRIDGE,

    Plaintiff,

v.

A. OSAGIE, P.A.,
G. SANTINI, M.D.,
F. CORDOVA, P.A.,
P. LAIRD, R.D., and
S. JULIAN, A.W.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

    Plaintiff Clinton T. Eldridge is in the custody of the Federal Bureau of Prisons (BOP) currently incarcerated at the United States Penitentiary, ADX, in Florence, Colorado. Plaintiff initiated this action on December 17, 2015 by filing *pro se* a Prisoner Complaint (ECF No. 1). He has been granted leave to proceed *in forma pauperis* under the imminent danger of serious physical injury exception to 28 U.S.C. § 1915(g). (*See* ECF No. 8).

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See id.* For the reasons set forth below, Plaintiff will be directed to file an amended complaint.

In his forty-four page Complaint, Plaintiff alleges that while incarcerated he has developed a number of medical problems, including "(1) Deep Vein Thrombosis, Protein C & S Deficiency and Post Phlebitis; (2) Musculoskeletal Disorder; (3) Chronic Lower Back Pain; (4) Left Lower Lumber Pain (bulging discs L 3-4, L 4-5, and L5 – S1); and (5) Chronic Hepatitis 'C' (HCV)." (ECF No. 1, at 4-5). He alleges that for the past ten years Defendants have denied him "proper medical treatment for a number of the illnesses plaintiff suffers from, and denied plaintiff proper housing due to his disabilities." (*Id.,* at 6). He specifically alleges that he has been denied handicap accessible facilities at ADX, physical therapy and a back brace for his back pain, an appointment with a skin doctor, and medication and treatment for his HCV. (*Id.,* at 7-8). He contends that he will suffer life-threatening problems for the duration of his life without these treatments. (*Id.,* at 8).

In claim one, Plaintiff asserts a deliberate indifference claim against Defendants Osagie, Santini, and Cordova because they have denied him proper medical treatment and antiviral medication for his HCV. He alleges that Defendants Osagie and Santini have denied the HCV medication "when test results warrant treatment." (ECF No. 9-12). He further alleges that Defendants Osagie, Santini, and Cordova have failed to approve Plaintiff for the HCV medication because he is assigned to level four, which is the lowest priority for HCV treatment based on BOP's policy for management of HCV. (*Id.,* at 13-16). He also alleges that Defendant Laird rejected a medical transfer request submitted on Plaintiff's behalf. (*Id.,* at 17). Plaintiff asserts that Defendants have allowed "medical staff to give the wrong medication that have [sic] caused intentional consequences to plaintiff's skin." (*Id.,* at 18-19). Plaintiff further contends that he has

been denied outside recreation for the past ten years because he cannot stand without causing pain in his back and leg. (*Id.,* at 20-21).

In claim two, Plaintiff asserts a claim under Section 504 of the Rehabilitation Act. (ECF No. 1, at 23). He contends that he is disabled due to a combination of his medical problems, and that he depends on a walker and plastic chair. (*Id.,* at 24). He alleges that Defendants Osagie, Santini, and Julian have not provided him with physical therapy, have repeatedly denied his requests for a back brace, and have refused to provide him a cell, outside recreation, or work detail that accommodates his disabilities. (*Id.,* at 25-28). Plaintiff seeks injunctive and declaratory relief as well as money damages. (*Id.,* at 42-43).

## ***I. Imminent danger***

Plaintiff has been granted leave to proceed pursuant to § 1915 because he alleged sufficient facts that he was in imminent danger of serious physical injury based on the alleged denial of HCV medication and treatment. Plaintiff's allegations in claim two, however, do not satisfy the imminent danger exception. Moreover, a claim brought pursuant to the Rehabilitation Act premised on allegedly inadequate medical care lacks merit. *See Fitzgerald v. Corr. Corp. of America,* 403 F.3d 1134, 1144 (10th Cir. 2005). Therefore, in the amended complaint, Plaintiff may not assert a claim for violation of Section 504 of the Rehabilitation Act based on the allegations in his original Complaint.

## ***II. Rule 8***

The Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against

them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8. *See e.g., Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006) (upholding the dismissal of a thirty-eight page complaint, containing 292 paragraphs, plus 120 pages of exhibits as unnecessarily prolix).

Moreover, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day

in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110

The Complaint fails to provide a short and plain statement of Plaintiff's claim showing that he is entitled to relief. In particular, the Complaint is forty-four pages, plus ninety-four pages of exhibits, which does not comply with the Court's Information and Instruction for Filing a Prisoner Complaint. *See* www.cod.uscourts.gov/CourtOperations/RulesPocedures/Forms.aspx (explaining that the complaint and all additional pages must not exceed thirty pages). The Complaint is repetitive and prolix and does not set forth a short and concise statement of facts that support the claims for relief.

To state a claim in federal court, Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[W]hen a plaintiff sues an official under . . . § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,

does not sufficiently implicate the [supervisory official] under § 1983”). Therefore, in the amended complaint, Plaintiff should name as defendants only those persons he contends actually violated his federal rights.

***III.*** **Constitutional violation**

Finally, in order to be entitled to relief, Plaintiff must allege that he suffered a constitutional violation. “[P]risoners have an Eighth Amendment right to adequate medical care . . . “ *Qxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001). A violation occurs when: 1) a medical need is serious; and (2) the acts or omissions by prison officials demonstrate “deliberate indifference” to the inmate's health or safety. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A “medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor’s attention.” *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Under the subjective component, Plaintiff “must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.” *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009).

“Negligent failure to provide adequate medical care, even one constituting medical malpractice does not give rise to a constitutional violation.” *Perkins v. Kan. Dep’t of Corrs.,* 165 F.3d 803, 811 (10th Cir. 1999); *see also Ajaj v. Federal Bureau of Prisons,* 2011 WL 902440, at *16 (D Colo. Mar. 10, 2011) (“[T]he Constitution is only implicated in situations in which prison officials act purposefully to impose unnecessary pain on an inmate; ‘inadvertent’ denials of care or negligent diagnosis or treatment does not rise to the level of an 8th Amendment violation.”). In addition, a difference of opinion

between a physician and a patient does not amount to a constitutional violation. *Coppinger v. Townsend,* 398 F.2d 392, 394 (10th Cir. 1968); *see Taylor v. Ortiz,* 410 Fed. App'x 76, 79 (10th Cir. 2010) (upholding summary judgment for defendants because their undisputed medical attention rendered the denial of Interferon treatment a mere disagreement over the proper treatment for plaintiff's Hepatitis C); *Free v. Unknown Officers of the Bureau of Prisons,* 103 Fed. App'x 334, 336-37 (10th Cir. 2004) (holding as a matter of law that the denial of Interferon to a prison with Hepatitis C did not violate the Eighth Amendment because it involved a mere disagreement over the proper treatment). Moreover, a "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Sealock,* 218 F.3d at 1210. The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

Plaintiff's conclusory allegations in claim one that the denial of HCV treatment will allow his condition "to continue to progress" and could cause further disease or death do not amount to a constitutional violation. The Tenth Circuit has observed that HCV is usually a slowly progressing disease. *Whittington v. Moschetti,* 423 Fed. App'x 767, 773 (10th Cir. 2011). Thus, any alleged delay in receiving treatment does not qualify as "substantial harm" absent something more, such as end-stage liver disease or cirrhosis of the liver. *Id.; see also Wright v. Hodge,* 2015 WL 1408753, at *6 (D. Colo. Mar. 25, 2015) (holding that prisoner failed to allege substantial harm based on delay in receiving HCV treatment because "HCV is slowly progressive . . . [CDOC's policy] should not be expected to contribute to significant progression of liver disease prior to initiation of

treatment.).  Here, Plaintiff does not allege that he has cirrhosis of the liver or end-stage liver disease.  Moreover, Plaintiff admits that he has been assigned to the lowest level priority for HCV treatment and medication based on his medical records.  A difference of opinion between a physician and a patient does not amount to a constitutional violation.  *See e.g., Taylor,* 410 Fed. App'x at 79 (upholding summary judgment for defendants because their undisputed medical attention rendered the denial of Interferon treatment a mere disagreement over the proper treatment for plaintiff's Hepatitis C); *Free,* 103 Fed. App'x at 336-37 (holding as a matter of law that the denial of Interferon to a prison with Hepatitis C did not violate the Eighth Amendment because it involved a mere disagreement over the proper treatment).  As such, Plaintiff has failed to allege that requisite substantial harm as a result of the alleged delay in starting the HCV treatment and medication.

   Accordingly, it is

   ORDERED that within **thirty days** from the date of this Order, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

   FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  It is

   FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed, the Court may dismiss some or all of the claims and defendants without further notice.

   DATED February 10, 2016, at Denver, Colorado.

                                         BY THE COURT:

______________________________
Gordon P. Gallagher
United States Magistrate Judge