IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02744-GPG

CLINTON T. ELDRIDGE,

    Plaintiff,

v.

A. OSAGIE, P.A.,
G. SANTINI, M.D., and
P. LAIRD, R.N.,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Clinton T. Eldridge, is in the custody of the United States Bureau of Prisons at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. Mr. Eldridge initiated this action by filing, *pro se*, a Prisoner Complaint. He has been granted leave to proceed *in forma pauperis* under the imminent danger of serious physical injury exception to 28 U.S.C. § 1915(g). (*See* ECF No. 8). On February 10, 2016, Magistrate Judge Gordon P. Gallagher reviewed the Complaint, found it deficient, and directed Mr. Eldridge to file an amended complaint that only asserted an Eighth Amendment claim that satisfied the imminent danger exception, complied with Rule 8 of the Federal Rules of Civil Procedure, alleged the personal participation of each named defendant, and asserted an arguable claim for relief. (*See* ECF No. 9). On March 3, 2016, he filed an Amended Complaint (ECF No. 12).

Mr. Eldridge has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Eldridge is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, this action will be dismissed in part, and the remainder drawn to a presiding judge.

**I. Amended Complaint**

In the Amended Complaint, Mr. Eldridge seeks monetary, declaratory and injunctive relief, and asserts the following two claims for relief.

**Claim One.** Mr. Eldridge alleges that he suffers from Hepatitis C, and that Defendants Osagie and Santini have denied his requests for medical testing and treatment of the disease for the past ten years. (ECF No. 12, at 6-7). Mr. Eldridge further alleges that Defendant Laird rejected a medical transfer that would have enabled him to receive proper medical care for Hepatitis C. (*Id.,* at 8-10). He contends that Defendants' failure to properly treat his condition puts him at risk for "life-long handicap, permanent loss, or considerable pain" as well as "death." (*Id.,* at 10-11). Mr. Eldridge

asserts a violation of his Eighth Amendment right to receive adequate medical care.

**Claim Two.** Mr. Eldridge alleges that he has a musculoskeletal disorder that causes chronic lower back pain. (*Id.,* at 12). Mr. Eldridge asserts that Defendants have denied medical treatment, outside recreation, and physical therapy for his condition. (*Id.,* at 12-14). While Mr. Eldridge alleges that "a medical condition that threatens the ability to walk or ambulate is no doubt a serious medical condition," he also alleges that "denial of outside recreation for ten years may not come under imminent danger." (*Id.,* at 12, 14).

## II. Analysis of Claims

The Court finds that Claim Two asserted in the Amended Complaint must be dismissed, for the reasons discussed below.

As explained to Mr. Eldridge in the February 10 Order to Amend, he was granted leave to proceed *in forma pauperis* pursuant to § 1915 because he alleged sufficient facts that he was in imminent danger of serious physical injury based on the alleged denial of medication and treatment for his Hepatitis C. (*See* ECF No. 9, at 3). Magistrate Judge Gordon P. Gallagher further informed Plaintiff that his allegations that he was disabled due to a combination of his medical problems, including his chronic lower back pain; that he depends on a walker and plastic chair; and that Defendants Osagie and Santini have not provided him with physical therapy for his back and refused to provide him outside recreation that accommodates his disability did not satisfy the imminent danger exception and should not be asserted in the amended complaint. (*Id.).* Thus, Claim Two in the Amended Complaint is improper, and must be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Claim One does not appear to be appropriate for summary dismissal. Therefore, Claim One will be assigned to a presiding judge, and, if appropriate, to a magistrate judge pursuant to D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Claim Two is dismissed because it does not satisfy the imminent danger exception, and Mr. Eldridge has not paid the $400.00 filing fee to pursue this claim. It is

FURTHER ORDERED that the "Motion to Withdraw Two Defendants from the Above Caption Case" (ECF No. 13), filed on March 3, 2016, is DENIED as moot based on Plaintiff's filing of the Amended Complaint. It is

FURTHER ORDERED that Claim One shall be assigned to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1.

Dated March 18, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court